OPINION of the Court, by
Ch. J. Bibb
ac~below was against two defendants, by three plain-b°/called M’Clintock, King and Vance ; the declara-ration is of a covenant made with the plaintiffs, by the names of M’Clintock, King and Vance. Robert M’Connel, one of the defendants, died ; a scire facias was awarded against William Searcy, Joshua Scott and Hiram M’Daniel, the administrators of the deceased defendant t the clerk, in certifying the record, states that the scire facias was executed, but does not copy the return. The entry of final judgment states that M’Clin-tock, one of the plaintiffs, is dead ; that the plaintiffs came by their attorney’, “and the defendants cam: in-(0 COurt in their proper persons, and having no cause to s^ew why the plaintiffs to judgment should not proceed,” thereupon a jury were sworn to enquire of damages, wbo returned their assessment; whereupon judgment was g'ven *n behalf of the surviving plaintiffs, against the administrators of the deceased covenantor and the survivor, for the damages assessed, “ to be levied of the g°°ds and chattels of the decedent, in the hands of the administrators to be administered, and against the said *463 fjeorge Brown, and their costs by them about their suit in this behalf expended.”
After inqueft of damages taken, the want of a previous award of a writ of enquiry will not vitiate*
Judgment cam not go againit Jurvivitig obli-gor and the re-prefentatives of the deceased obligor.
To this the defendants have prosecuted a writ of error, with a supersedeas. As the statute expressly prohibits this court, in such cases, from “ examining into” any errors, except those which have been filed in writing at the time the writ of supersedeas issued, it is material in the present case to state the errors alleged. They are,
1st. The Christian names of all the plaintiffs are entirely omitted in the writ, declaration, and whole record.
2d. It does not appear that the scire facias which issued had been executed or returned by the sheriff or any other sw»rn officer.
3d. Although the death of M’Clintock is suggested, ⅜0 abatement as to him was entered, nor revivor in the name of his legal representative ; nor does the record exhibit any p>oof from the nature of the demand, that it legally survived to the surviving plaintiffs.
4th. That the costs are to be recovered of the administrators generally, when judgment should have been, that the costs should have been levied of the goods and chattels of the decedent, if, &c. but if not, then of the proper goods and chatties of the administrators.
5th. “ No writ of enquiry was awarded against the said administrators after the decease of their intestate, in the manner prescribed by the act of assembly.”
1. The Christian names of the plaintiffs could be of no other use than to identify them the better when they are out of court. If the plaintiffs in error were content with the identification in the court below., we can see no error in an adjudication in favor of plaintiffs who had thus been permitted to prosecute to an inquisition of damages without objection.
2. The record contains the clerk’s certificate that the writs of scire facias were executed : it is true, he should have copied the return. The plaintiffs in error who accepted of such a certificate, instead of having the record amplified in this particular, according to the true return endorsed upon the writs, cannot be indulged in such an objection. But it farther appears of record that the defendants in the action below came into court ⅛ their proper persons, and did not gainsay the action -, *464 having so appeared, whether upon the service of pró-cess or without, is quite immaterial.
3. It would have been erroneous to have taken judgment in favor of the survivors and the representatives of the deceased covenantee. The remedy survives in favor of the surviving obligees in ail caaes, notwithstanding the right to the thing recovered mav descend pro rota to the representatives of the decedents or deceased. This point was resolved at large in the case of Morrison vs. Winn and Winn’s administratrix (a), spring term, 1808. The judgment here was in favor of the surviving plaintiffs, King and Vance.
4. It does not appear to this court that the judgment for costs is peremptory against the proper persons of the administrators. It rather seems that the judgment for costs follows the nature and extent of the principal judgment for the damages, and is not extended farther. The judgment is against the administrators, in their fiduciary capacity for the principal ; for the costs the law bound them farther. The only objection is, that the judgment has not, as is supposed, plainly made the estate of the decedent first liable, but has subjected their own individual estate, to the exclusion of that of the decedent. It is plain, from the record, that no judgment for damages or costs has been rendered against the administrators otherwise than as such ; their individual estates are not liable directly by the judgment, and therefore the fact is directly the reverse of the predication made by the assignment.
5. If this has an allusion to any act other than that regulating proceedings in civil cases, we are not informed. The fifth section of that act provides for cases of the death of parties before finaljudgment, but after interlocutory judgment, and directs a scire facias to shew cause why damages should not be assessed and recovered by the plaintiff; after providing for the case of an appearance at the return •of such writ, without gainsaying the action, as in the present case was done, it is declared, “ a writ of enquiry of damages shall be thereupon awarded, which being executed, judgment final shall be given,” &c. The objection, therefore, seems to be, that there is no positive award of a writ of enquiry after the appearance of the administrators, or that the jury were sworn according to the writ of enquiry which had been awarded before *465 the decease of the ,intestate¿ In either way the objection is without weight, and most scrupulously formal. The jury were sworn to enquire of damages after the appearance of the administrators ; and the very act of the court in permitting them to be so sworn, must amount to an order for so doing.
Judgment affirmed; and the plaintiffs in the court below to have the benefit thereof, hut without damages upon this affirmance ; because no judgment, according to law, ought to be given in chief against a surviving obligor and the representatives of the deceased.

 Har. 431.